## MACON RAILWAY & LIGHT CO. *v.* MAYOR &c. OF MACON.

FISH, C. J.    1. On September 16, 1902, the municipal authorities of the City of Macon adopted an ordinance providing for the consolidation of the Consolidated Street Railway Company, the Macon Railway & Light Company, and the Metropolitan Street Railroad Company.    The consolidated company provided for by the ordinance subsequently had its name changed to that of the Macon Railway & Light Company.    The ordinance granted to the consolidated company certain rights and privileges as to the exercise of its business in the city, and provided for certain things to be done by the company.    The company accepted the ordinance, complied with all of its obligations thereunder, and in accordance with its terms operated a' street railway and an electric-lighting plant in the city.    The ordinance stipulated that from January 1, 1914, a designated per cent. of the yearly gross receipts of the consolidated company should be paid into the treasury of the city, and that "the percentage of the gross receipts herein provided to be collected shall be in lieu of all license, occupation, or special tax or taxes, but shall not at any time be considered to interfere with, or in any wise prevent, the collection of the ad valorem tax upon all of the property of said company, as all other property, real and personal, in the City of Macon is taxed," etc.    *Held*, that the stipulation in the ordinance that the payment of the percentage of the gross receipts of the consolidated company, as provided for in the ordinance, ".shall be in lieu of all license, occupation, or special tax or taxes," did *not* cover a tax on the franchise of the consolidated company, as provided for by the act of the General Assembly approved December 17, 1902 (Acts 1902, p. 37), nor purport to exclude the right of the city to collect a tax on the franchise of the consolidated company.    Such tax on franchise is neither license, nor occupation, nor special tax.    The ordinance expressly provided in this connection that the collection of the named percentage on the yearly gross income of the company "shall not at any time be construed to interfere with, or in any wise prevent, the collection of the ad valorem tax upon all of the property of said company, as all other property, real and personal, in the City of Macon is taxed."

(*a*)    Accordingly, the act of the General Assembly of 1902, above referred to, did not impair the obligation of the contract as embraced in the ordinance accepted by the consolidated company.

2. The language of the ordinance, stipulating that the payment by the consolidated company of a given percentage of its yearly gross receipts should "be in lieu of all license, occupation, or special tax or taxes," being clear and unambiguous, and there being no suggestion that anything was omitted therefrom by fraud, accident, or mutual mistake, it was not competent for the Mayor and Council of the City of Macon, on November 26, 1907, to put a different binding construction on such ordinance, in the respect indicated, by adopting a report of the then finance committee of the council to the effect, that, "in the matter of the petition of the Macon Railway & Light Company," the committee had before it the members of the council making the contract with the com-

pany in September, 1902, "and it appeared from their testimony that it was the intention of the contract that the percentage on the gross receipts to be paid by the company should be in lieu of all special tax or taxes, and that the special franchise tax, afterwards imposed by the legislature, was intended and was actually included in this exception; [and] we recommend that the city demand only the ad valorem taxes and said percentage on gross receipts, and that the city has no right to collect any special franchise tax under the terms of the original contract, and that the settlement of their taxes be made in accordance with this report." When a subsequent council ordered the collection of the franchise tax, as provided by the act of the General Assembly of 1902, the adoption of such report, as exhibited by the ordinance in the respect indicated, could not prevent the collection of such tax. See, in this connection, *City of Fitzgerald* v. *Witchard*, 130 *Ga.* 552 (61 S. E. 227, 16 L. R. A. (N. S.) 519) ; *Horkan* v. *City of Moultrie*, 136 *Ga.* 561 (71 S. E. 785).

3. In view of the above rulings, the verdict directed by the court was demanded, and there was no error in refusing to grant a new trial.

*Judgment affirmed. Beck, J., absent. The other Justices concur.*

SEPTEMBER 22, 1911.

Complaint. Before Judge Felton. Bibb superior court. May 20, 1910.

*Ellis & Jordan* and *Guerry, Hall & Roberts,* for plaintiff.

*Lane & Park,* for defendant.