## RAY *et al. v.* CITY OF LAVONIA *et al.*

1. Under the provision of the act of 1897 (Acts 1897, .p. 82, Civil Code (1910), § 445 et seq.), touching the validation of bonds, .that, on due application, the judge of the superior court shall require the proper officers to show cause, ".at such time and place . . as the judge of said court may direct, why said bonds should not be confirmed and' val-idated," it was held in *Farmer* v. *Mayor and Council of Thomson,* 133 *Ga.* 94 (4), 95 (65 S. E. 180), that the fixing, by the judge, of the place for the hearing in another county of the judicial circuit than that where the election was held "was not beyond the terms of the act."

(*a*) No constitutional question as to the authority to hear the validation proceeding in a county other than that in which the municipality de-siring to issue the bonds was located was then raised; and this court ex-pressly called attention to the fact that the only point made was upon the construction of the act.

(*b*) In the argument of the present case this court was requested to review and reverse the decision in the case cited above, as to the ruling stated. Upon consideration, the request to reverse the ruling then made is denied.

2. With certain specified exceptions, the constitution of this State requires that all civil cases shall be tried in the county where the defendant re-sides. The proceeding for the purpose of validating bonds sought to be issued by a municipal corporation (Civil Code (1910), §§ 445 et seq.) is expressly termed in the statute a "cause," and provision is made for the rendering of a judgment "of the superior court" (so expressed in the code), which may be the subject of exception to the Supreme Court, and which shall be conclusive in its nature. This makes such a civil case as must be tried in the county where the municipality is located. In so far as the act of 1897, which is codified in the code sections above cited, authorizes the judge of the superior court to hear and determine the proceeding in a county other than that so fixed by the constitution, it is invalid and must yield to the constitutional requirement on that subject.

APRIL 23, 1914.

Validation of municipal bonds. Before Judge Meadow. Frank-lin superior court. October 29, 1913.

*A. G.' & Julian McCurry, Dorsey Davis, J. A. McDuff,* and *Pul-liam Proffitt,* for plaintiffs in error.

*Thomas J. Brown, solicitor-general, W. R. Little, J. H. Skelton,* and *H. H. Chandler,* contra.

LUMPKIN, J. This case arose on a proceeding under the Civil Code (1910), §§ 445 et seq., to validate certain bonds of the City of Lavonia, Franklin county, before their issuance. The judge of the superior court set the hearing at Elberton, in Elbert county. Certain citizens and taxpayers of Lavonia were made parties to the

proceeding, and objected to the proposed validation. They set up in their pleadings, that section 446 of the Civil Code did not authorize the presiding judge to set the hearing at a place outside of Franklin county, and there hear and determine the cause; and that, if it did so, to that extent it was unconstitutional as violating article 6, section 16, paragraph 6, of the constitution (Civil Code (1910), § 6543). These objections were overruled, the hearing was had, and a judgment was rendered in Elbert county, validating the bonds. This presents the controlling question for decision.

1. In *Farmer* v. *Mayor and Council of Thomson*, 133 *Ga.* 94 (4), 95 (65 S. E. 180), it was held that, under the provision of the act of 1897 (codified in the Civil Code (1910), § 446) which states that the presiding judge shall by order require the municipality, by its proper officers, to show cause "at such time and place . . as the judge . . may direct," an order fixing the place of hearing in another county of the judicial circuit than that where the election was held "was not beyond the terms of the act." This court was careful to indicate that no constitutional question was there raised or decided. On page 102 it was said that "the sole question made was on the construction of the act of 1897." And again, that "it does not prohibit him from naming a place in his judicial circuit other than that of the election." We are asked to review and reverse the ruling then made, but we decline to do so. Under the frequently repeated rulings of this court, the constitutionality of the provision of the act above mentioned, not being called in question, was not decided.

2. After providing where certain enumerated cases shall be tried, the constitution then declares that "all other civil cases shall be tried in the county where the defendant resides," etc. Is this proceeding a case? By the Civil Code (1910), § 446, it is declared, that, after service on him of notice of the election, the solicitor-general shall "prepare and file in the office of the clerk of the superior court of the county in which the election was held a petition, directed to the superior court of said county, in the name of the State of Georgia and against such county, **municipality, or division** desiring to issue bonds under said election, . . and shall obtain from the judge of said court an order requiring the county, municipality, or division, by its proper officers, to show cause at such time and place, within twenty days from the filing of the

petition, as the judge of the court may direct, why the bonds should not be confirmed and validated, which petition and order shall be served in the manner now provided by law for the service of petitions upon counties, municipalities, or divisions, and to such petition the officers of such county, municipality, or division shall make sworn answers within the time prescribed herein." Section 447 provides that the judge of said superior court shall proceed to hear and determine all questions of law and fact in said cause, and shall render judgment therein, with the right of any citizen to become a party and to except to a judgment of validation by "fast writ" of error. Section 448 declares, that, if no exception is taken, or if there is an affirmance, "the judgment of the superior court, so confirming and validating the issuance of the bonds, shall be forever conclusive," etc. Section 449 provides for stamping upon bonds so validated the words: "Validated and confirmed by judgment of the superior court," with "the date when such judgment was rendered and the court in which it was rendered, which shall be signed by the clerk of the superior court in which the judgment was rendered."

Here, then, we have a petition to the superior court, with parties thereto, which the statute calls a "cause," a hearing on questions of law and fact, and a "judgment of the superior court," which shall be binding, and which may be the subject of exception and assignment of error in the Supreme Court. That this makes a case is too plain for argument. That it is not one of the special cases which may be tried in some other county than that in which the defendant resides is plain. It follows, then, that under the constitution it must be tried in the county where the municipality desiring to issue bonds is located. It is unnecessary in the present case to give an exact designation to the character of this action, whether it is a statutory proceeding at law or whether it partakes in some respects of the nature of an equitable proceeding. If the latter view were adopted, it would not aid the defendants in error on the subject of venue, as equity cases must be tried in the county where a defendant resides against whom substantial relief is prayed. Civil Code (1910), § 6540.

The constitutional question of venue is raised for the first time in this case. In so far as the statute authorizes a place for the hearing to be fixed outside of the county in which the municipality

proceeding to issue bonds is located, it is in conflict with the clause of the constitution above quoted, and is invalid. But this need not and does not render the entire act void, but only to the extent stated.

If a statute should give a cause of action which had not previously existed and a right to obtain a judgment in the superior court thereon, an additional provision that the case might be tried in the county fixed by the constitution or elsewhere in the State would not destroy the entire act; but the statutory provision in regard to venue would yield to that in the constitution.

As the presiding judge had no authority, over the objection made, to hear and determine the case in Elbert county, the hearing there had and the judgment rendered were nugatory; and it is not deemed best to determine whether he decided certain points rightly or wrongly, when he had no right to decide at all.

*Judgment reversed. All the Justices concur.*