SINGLETARY *et al.* v. CHIPSTEAD *et al.; et vice versa.*

ATKINSON, J. The charter of the City of Blakely defined the corporate limits as embracing a designated area, and in a separate portion of the charter other boundaries were specified as "school limits," which embraced the territory within the defined corporate limits and also a larger area. It purported to authorize the officers of the municipality to maintain schools and provide for the levy and collection of a local tax on all property within the area designated as "school limits," by authority of an election held for the purpose of supporting such schools. The plaintiffs, in behalf of themselves and all the taxpayers owning property subject to such school tax in the City of Blakely, and in the six miles square known as "school limits," filed a petition to enjoin the collection of a tax to support the schools, on the ground that the attempt to establish such a school district was unconstitutional, and that the election held for that purpose was void. On the hearing of the application for an interlocutory injunction it was pleaded and proved, without contradiction, that certain other persons had filed a petition in which it was alleged that the plaintiffs therein were citizens of the city proper, and sued as "a class of citizens residing in the City of Blakely," and prayed that the city be enjoined from collecting the tax "upon property in the City of Blakely, and in the six miles square known as the school limits;" and that this action was still pending. It was further proved, without conflict, that the plaintiffs in the present action instigated the first suit by agreeing to pay the costs of court and attorney's fees for prosecuting the case, though they refused to be named as parties thereto; and that both suits involved the same questions as to the constitutionality of the creation of the school district and the right to tax property within such limits by virtue of an election held therein. *Held*:

(*a*) Under such facts the presiding judge correctly refused to grant an interlocutory injunction on the second application, as to all property within the city limits proper, but erred in granting an interlocutory injunction against the levy and collection of the tax on property within the school limits outside of the city limits proper.

(*b*) Under the facts already stated, the plaintiffs in the second action were not entitled to maintain it and procure an injunction thereon during the pendency of the first action, instituted by them as a class action in the name of other parties. The election was held throughout the ter-

ritory prescribed by the charter as "school limits," and not merely within the corporate limits proper. Accordingly, the validity of the establishment of such school limits (including the corporate limits proper), the holding of an election to determine the question of taxation, and the levying of taxes by virtue of such an election were involved in each of the two suits, and the mere fact that one of the plaintiffs in the second action owned property outside of the corporate limits proper, but within the general school limits, would not so change the situation as to authorize the plaintiffs in the second action to obtain an injunction pending the first suit.

*Judgment affirmed on the main bill of exceptions, and reversed on the cross-bill. All the Justices concur.*

JULY 27, 1914.

Injunction. Before Judge Worrill. Early superior court. January 27, 1913.

*A. H. Gray,* for plaintiffs in error in main bill.

*Glessner & Collins* and *Walter Park,* contra.