*A. E. Thornton* and *W. V. Custer,* for plaintiffs.
*T. S. Hawes,* for defendant.

---

### MURRAY *et al. v.* CITY OF TIFTON.

PER CURIAM. The venue of a statutory proceeding under the Civil Code, § 445 et seq., to validate municipal bonds, is in the county in which the municipality is situated. *Ray v. City of Lavonia,* 141 *Ga.* 626 (81 S. E. 884). In such a proceeding, where the judge on presentation of the petition issued a rule nisi returnable in a different county than that of the venue, and, at the time and place appointed in the rule, passed another order to the effect that the hearing was "continued and transferred" to a designated time and place in the county of the venue, but there was no publication of any notice as required by law that the hearing would be had at such time and place, the judge was without jurisdiction to proceed with the hearing and render final judgment.
(a) It having been held by the court, in the case above cited, that in so far as the statute purported to authorize jurisdiction in a county other than that of the municipality it was unconstitutional, and the plaintiffs in error having raised the point of want of jurisdiction, it was not necessary for them, in support of the objection, again to specifically attack the act as unconstitutional,

(*b*) The court being without jurisdiction, it was erroneous to enter ·final judgment validating the bonds.

*Judgment reversed. All the Justices concur, except Fish, C. J., absent.*
APRIL 13, 1915.

Validation of municipal bonds. Before Judge Thomas. Tift superior court. June 20, 1914.

*H. S. Murray* and *Fulwood & Skeen,* for plaintiffs in error:

*Ridgdill & Mitchell, R. D. Smith,* and *J. A. Wilkes, solicitor-general,* contra.