SANDERS *et al.* v. HINTON *et al.*

No. 7975.   January 13, 1931.

*C. N. Davie* and *J. F. Kemp,* for plaintiffs in error.
*Harold Hirsch, Marion Smith, Wheeler & Kenyon,* and *A. S. Clay,* contra.

GILBERT, J.   On July 1, 1930, all of the children of Mrs. Montine Sanders Hinton, three in number, one of them a minor appearing "by his next friend and father," filed a petition to the superior court of Hall County, alleging that T. E. Atkins, duly qualified as executor of the will of Mrs. Sanders, had assented to the vesting of the legacy contained in the provision of the will quoted, and had for several years paid the income from the realty to Mrs. Hinton; that the mother of petitioners, Mrs. Hinton, was dead; that M. R. Sanders, Miss Armontine Sanders, and Mrs. Helen Sanders Thompson are all the children of Robert J. Sanders; that "on or about the latter part of April," 1930, T. E. Atkins died "while holding as trustee under" the provision of the will of Mrs. Sanders quoted in this opinion.   The prayer was for the appointment, in the place of the deceased trustee, of a new trustee to execute the trust.   Upon presentation of the application the court ordered a hearing at Clarkesville on July 5 at 10 o'clock, and provided that notice of the application and the hearing be given M. R. Sanders, Miss Armontine Sanders, and Mrs. Helen Sanders Thompson.   On July 2, the three persons last named, by their attorney, acknowledged service of the application and the order of the court, waived further service and notice, and consented for the hearing on said application to be had at the time and place designated in the order of the court.   On the date set for the hearing they filed demurrers and a plea to the jurisdiction and an answer; and on that date the court overruled the demurrers, reciting that all parties had acknowledged service on the petition and waived further notice, and designated a named person "new trustee to hold the property described in" the provision of the will quoted, "and to execute the trust designated by the said" provision of the will..  M. R. Sanders, Miss Armontine Sanders, and Mrs. Helen Sanders Thompson sued out a bill of exceptions assigning error on the action of the court in overruling the demurrers and in appointing a new trustee.

In the brief of plaintiffs in error the questions to be decided are stated as follows:  "First:  Where a will provides as follows: 'Item 8:  The building known as the State Bank building located on the public square of Gainesville, Hall County, Georgia, I desire to be held in trust by my executor hereinafter named until the death of my daughter, Montine Sanders Hinton, and at her death to

be sold at public or private sale and to be divided equally share and share alike between the living children of my son, Robert J. Sanders, and the living children of my daughter, Montine Sanders Hinton,' and where the executor and Mrs. Hinton are both deceased, is the property described to be administered by a trustee appointed by the court under section 3746 of the Code, or by an administrator de bonis non cum testimonii annexo? Second: Under said section, can a trustee be appointed on the application of only three of six beneficiaries, where one of the applicants, a minor, is acting not through a guardian but by his father as next friend, and where said application is addressed to the superior court not of the county where non-consenting beneficiaries reside, but to the superior court of the county where the property is located, and especially where there is no process attached to the application and it is not made returnable to any court?"

■ The Civil Code (1910), § 3746, provides in part as follows: "In all cases of any trust, where the sole surviving trustee . . shall have departed this life, . . the superior courts of the several counties in this State shall have full power and authority, when sitting either as a court of law or equity, upon the petition of two or more of the parties interested, . . and on such notice as the court shall direct in a summary manner, to appoint a new trustee, or trustees, in the place of such deceased . . trustee," etc. It is apparent that if no trust is created in the item of the will quoted, this section of the Code has no application. If there is a trust, it does apply. The item of the will expressly provides that the property is "to be held in trust." It appears, therefore, that while an executor is named in the will, legally capable of discharging all duties incident to administration of the estate, the testatrix provided an additional duty. She provided that the executor should hold title to the property described in that item of the will for the benefit of certain beneficiaries. That provision created a trust, and imposed upon the same person appointed as executor the additional duty of trustee. She provided how long the trust estate should continue and how the trust must be executed. It was to be held in trust until the death of the daughter, but the duties of the trustee did not end when that event occurred. The testatrix further provided that the trust estate at the death of the daughter "be sold at public or private sale, and to be divided

■

equally share and share alike between the living children" of a son, Robert, and a daughter, Montine. This duty was clearly appropriate to the office of trustee, and not appropriate to that of executor, except under certain circumstances. "In executory trusts, something remains to be done by the trustee, either to secure the property, to ascertain the objects of the trust, or to distribute according to a specified mode, or some other act, to do which requires him to retain the legal estate." Civil Code (1910), § 3736. Except for the payment of debts, real property of a decedent descends directly to his heirs, and a sale of the property and division of the proceeds among the heirs would not be among the duties of an executor. Civil Code (1910), § 3657. The court was authorized to find that the executor had assented to the legacy. It does not appear from the record whether the estate has been completely administered or not. There is no suggestion that the estate owed debts which would authorize an executor to hold the property for the purpose of paying them. We therefore conclude that the will created a trust, and, the trustee being dead, that the superior court was empowered, under the Civil Code, § 3746, to appoint a trustee. It may be that an administrator de bonis non cum testamento annexo appointed by the ordinary would also be invested with the authority and power of a trustee under the terms of the will, to hold the property after the death of the daughter and to divide the proceeds. However that may be, such would not take away the right of the superior court to appoint a trustee to carry out the express provisions of the will in respect to the trust separately, and apart from other duties that devolve exclusively upon an executor.

■ The Civil Code (1910), § 3746, expressly provides that the court may appoint a new trustee on the petition of two or more of the parties interested. In the present case there were three petitioners, one of whom is a minor, appearing through his father as next friend. It matters not how large the number of beneficiaries may be, the petition of two of them is sufficient, in this respect, to bring the petition within the jurisdiction of the superior court under the code section cited. The fact that the third petitioner is a minor in no way detracts in that respect. However, we know of no reason why a minor can not appear in such a proceeding by next friend. In *Sharp* v. *Findley,* 59 *Ga.* 722, 729, Judge Bleck-

ley said: "It would seem from the authorities that there is no substantial difference between a prochein ami and a guardian ad litem. The former denomination is usually applied when the representation is for an infant plaintiff, and the latter when it is for an infant defendant. But in either case the representative of the infant is regarded as an officer of court." In Story's Equity Pleading (10th ed.), § 57, the author says: "When, therefore, an infant claims a right, or suffers an injury, on account of which it is necessary to apply to a court of equity, his nearest relation is supposed to be the person who will take him under his protection, and institute a suit to assert his rights, or to vindicate his wrongs; and the person who institutes a suit in behalf of an infant is therefore termed his next friend (prochein ami). But as it frequently happens that the nearest relation of the infant himself withholds the right, or does the injury, or at least neglects to give that protection to the infant, which his consanguinity or affinity calls upon him to give, the court, in favor of infants, will permit any person to institute suits in their behalf; and whoever acts the part which the nearest relative ought to take is also styled the next friend of the infant, and as such is named in the bill. The prochein ami is also treated as an officer of the court, and responsible accordingly." And in § 70 the same author states: "Infants (as we have seen) institute a suit in equity by their next friend, but they must defend a suit by a guardian, who is appointed by the court, and is usually their nearest relation not concerned in interest in the matter in question."

The Civil Code (1910), § 3032, provides that the father, if alive, is the natural guardian of his children. Section 3057 makes provision for the appointment of a guardian ad litem "Whenever a minor is interested in any litigation pending in any court in this State, and has no guardian or his interest is adverse to that of his guardian." This obviously applies to the appointment of a guardian ad litem who is a defendant, or who desires to intervene in a suit already instituted, because it expressly applies to "any litigation pending." Section 5416 provides: "Persons not sui juris may appear either by guardian or next friend, or guardian ad litem appointed by the court. In the latter two cases the court may require such bond as shall protect the interest of the person under disability." And section 5524 declares: "A suit commenced and

prosecuted by an infant alone is not void; and although the suit is defective in wanting a guardian or next friend, the defect is amendable before verdict and cured by verdict." All of these sections must be construed together. Whenever a minor appears as a petitioner in instituting litigation by next friend, there would seem to be no legal necessity to appoint a guardian ad litem, unless, for some reason, it should be made to appear to the court that the prochein ami was not a suitable person or for some other reason the interests of the minor would not be properly protected. None of these reasons appear in the present suit. Accordingly we hold that there is no infirmity in the petition in regard to the number of applicants, or in the fact that one of the petitioners is a minor acting through his father as next friend. *Ross* v. *Battle,* 113 *Ga.* 742 (39 S. E. 287) ; *Archer* v. *Archer,* 115 *Ga.* 950 (42 S. E. 219). The Civil Code, § 3746, expressly provides that the power conferred for the appointment of a trustee is upon the superior courts. Therefore the petition in the present case was properly addressed to the superior court. But it is insisted that it is addressed to the superior court of the wrong county; that the proceeding should have been addressed to the superior court of the county where "non-consenting" beneficiaries reside. We are not impressed with that contention. All of the beneficiaries stand alike, and have equal rights, not only in the division of the proceeds arising from a sale of the property, but as to the forum in which the application for the appointment of a trustee should be made. The proceeding may be had as well in the county of the residence of the testatrix, and where the trust property is located, as in the county of the residence of the non-petitioning beneficiaries. The case is not a suit in equity, which is required, by art. 6, sec. 16, par 3, of the constitution (Civil Code (1910), § 6540), to be brought in the county of residence of some defendant against whom substantial relief is prayed, because no relief is prayed against any of the non-consenting beneficiaries. *Heath* v. *Miller,* 117 *Ga.* 854, 861 (44 S. E. 13) ; and see *Holman* v. *Bridges,* 165 *Ga.* 296, opinion at p. 301 (140 S. E. 886). It is merely for the purpose of having a new trustee appointed, so that the trust may be executed, thus placing the title in the heirs instead of allowing it to remain a trust estate where no trustee is in life to carry out the trust. Suppose there were a large number of beneficiaries and all lived in

different counties in this State or in various counties of a number of States. Upon what principle could it be determined then where the proceeding should be instituted? It was instituted in the county in this State where the property is situated, which, if not the most appropriate, is certainly equally as appropriate as any other county, as to jurisdiction. *Heath* v. *Miller,* supra.

It is also urged by way of demurrer, that, under Civil Code (1910), § 5439, a minor is without authority to proceed otherwise than by a guardian or guardian ad litem. That section is as follows: "If minors are interested, and they have no guardians, guardians ad litem must be appointed and notified before the cause proceeds." As we have already said, a minor may be a petitioner by next friend, which is equivalent to being represented by guardian ad litem, and in either event the next friend or guardian ad litem is an officer of court for the special protection of the minor. The section just quoted does not change that rule. Under that section the necessity for appointing an ad litem guardian arises only when the minor has no guardian. In this proceeding the minor is represented by his natural guardian, his father, acting as prochein ami. The section is found in the Code under "Proceedings at Chambers," and is intended to make essential the proper representation of minors whenever there is a decree rendered affecting their property rights. As stated above, the appointment of a new trustee in no way affects the property rights of the legatees under the will, including the minor.

■ It is also urged that the superior court of Hall County was without jurisdiction, "especially where there is no process attached to the application, and it is not made returnable to any court." This contention raises the question as to whether the court had jurisdiction as to the persons of the non-consenting beneficiaries. We have already held that the superior court of Hall County had jurisdiction as to the subject-matter. It would seem that a sufficient answer to that question is found in the fact that all three non-consenting beneficiaries acknowledged service of the proceeding without any reservation whatever. Upon the contrary, in acknowledging service they expressly "waived further notice and service," and moreover the waiver contained the following: "The undersigned hereby consent for the hearing on said application to be had at the time and place designated in the order of the court."

What more could process accomplish than these beneficiaries agreed to of their own volition? "Process is the means whereby the court compels the appearance of a defendant before it or compliance with its demands." *Neal-Millard Co.* v. *Owens,* 115 *Ga.* 959 (42 S. E. 266). Our Code (1910), § 5561, expressly provides for acknowledgment of service and waiver of process, as follows: "The defendant may acknowledge service or waive process, provided the same be in writing signed by the defendant or some one authorized by him." And section 5593 provides for the amendment of process. But after all, the non-consenting beneficiaries are not defendants in the strict legal sense. No judgment is sought against them, and no judgment affecting their title to the property or their interest in this estate. The rule nisi issued by the court, if served upon the parties, was sufficient of its own power to bring them into court, or to give the court jurisdiction of them, and to bind them, whether they appeared or not. Their acknowledgment of service was the same as if the rule nisi had been formally served in the manner provided by law. The petition was addressed to the superior court of Hall County, and the rule nisi directed that notice of the application and the time of hearing be given to M. R. Sanders, Miss Armontine Sanders, and Mrs. Helen Sanders Thompson, and provided for the giving of other notice if the acknowledgment of service was not obtained. Under the Civil Code (1910), § 3746, this notice, when acknowledged, was in every way sufficient. That section provides that the court shall exercise the power conferred "*on such notice as the court shall direct in a summary manner.*"

■ What has been said above seems to fully cover the issues stated as first and second in the brief of plaintiff in error. However, reference is made in the brief to a ground of the demurrer not included above. That ground contends that Code § 3746 is unconstitutional, because it violates the due-process clause of the State and Federal constitutions (Code, §§ 6257, 6700), in that by such proceeding respondents will be deprived of their property without due process of law; that said law deprives them of their day in court and of the right to have all issues determined by a jury; that the court can not in vacation pass upon and determine questions of fact and can not appoint a trustee as prayed; that the petition is not returnable to any term of court; and that no process is attached thereto. We think it sufficient to say that the code sec-

tion is not unconstitutional for any reason assigned. No question for decision is made where it is merely asserted that a statute violates the due-process clause of the State and Federal constitutions, without stating in what manner the statute violates the constitution. It can not thus be made the duty of the court to search about and find out some reason why such violation or conflict exists. In the present case, to say that the law deprives parties of their day in court and the right to have all issues determined by a jury is insufficient for the reason, first, that the parties are afforded an opportunity to appear in court, having acknowledged service and agreed to the hearing at the time and place fixed; and secondly, for the reason that there is no issue of fact to be determined by a jury, and the plaintiffs in error have not pointed out any issues of fact to be determined by a jury. The further comment that the court can not in vacation pass upon and determine questions of fact and can not appoint a trustee as prayed is without merit, because the court is expressly empowered, under the statute, to decide all demurrers in vacation; and in their brief the plaintiffs in error say: "As stated in the outset, we think that the decision on the demurrer should control. If it is not necessary to attach process and to make the suit returnable to any term of court, then the plea to the jurisdiction of the court which is a part of this record can never be heard upon its merits and before a jury."

It is well to state also, that, in view of the above statement in the brief of plaintiff in error, we do not discuss the question whether the court had power at chambers, in a county other than the one where the suit was pending, to make the appointment of a trustee. We have merely dealt with the assignment of error on the judgment of the court in ruling on the demurrer. The demurrer contained an attack on the jurisdiction of the court as to subject-matter, and that point is made more elaborately in the plea to the jurisdiction. In view of the outline of the issues in the brief of plaintiffs in error, we deal with this question in the light of both the demurrer and the plea to the jurisdiction.

It follows from what has been said that the court did not err in overruling the demurrer or the plea to the jurisdiction, or in appointing a trustee.

*Judgment affirmed.* *All the Justices concur.*

Russell, C. J., concurring specially. I agree in the conclusion reached in this case, restricted to its particular facts. I do not think the decision in *Heath* v. *Miller* is controlling, or even especially applicable to the point before us; but I can see good reasons why, as pointed out by Mr. Justice Gilbert, the court where the property to be dealt with is located should have jurisdiction in the premises.