FUTCH, administrator, *el al. v.* OLMSTEAD *el al.*

No. 8688. AUGUST 12, 1932. REHEARING DENIED SEPTEMBER 17, 1932.

*J. P. Dukes,* for plaintiffs.    *W. C. Hodges,* for defendants.

HILL, J.    From the statement of facts it appears that the case of

*Futch* v. *Olmstead,* 172 *Ga.* 233 (supra), was dismissed in the Supreme Court because it appeared that the bill of exceptions was not filed in the office of the clerk of the superior court within the time prescribed by law. After the remittitur from the Supreme Court was made the judgment of the superior court, and the sheriff proceeded under an execution to advertise for sale the property in controversy, the administrator of the estate of Wiley Futch filed the present, an equitable petition, attaching copies of the pleadings and judgment in the former case, seeking to modify or set aside the former judgment, etc. To this petition the defendant filed a demurrer, which was sustained and the case was dismissed. In the petition it is not alleged that the judgment of dismissal in this court was procured by fraud, accident, or mistake. In these circumstances the court did not err in sustaining the demurrer. *Dixie Realty Co.* v. *Morgan,* 174 *Ga.* 807 (164 S. E. 200), which is similar in its facts to the present case.

<em>Judgment affirmed. All the Justices concur.</em>

ON MOTION FOR REHEARING.

There is but one ground relied on in the motion for rehearing, and that is that this court overlooked the case of *Alexander* v. *Chipstead,* 152 *Ga.* 851, 862 (111 S. E. 552), where it was held that property could not be sold as the property of the deceased, but must be advertised and sold as the property of the estate of the deceased. This ground goes to the merits of the case, whereas the court in the instant case decided the same on a question of practice and dismissed the case on demurrer, for the reason stated in the opinion. The motion for rehearing must therefore be denied.