18372. WALKER *et al. v.* HAMILTON.

HAWKINS, Justice. A. O. Walker and Mrs. Alberta Walker, as citizens and taxpayers of the City of Augusta, Richmond County, Georgia, in behalf of themselves and all others similarly situated, presented an application for leave to file an information in the nature of a quo warranto to the Judge of the Superior Court of Richmond County, in order that inquiry may be made into the right of Hugh L. Hamilton to hold the office of Mayor of the City of Augusta, and attached thereto was a petition setting out the information. To an order dated July 7, 1953, vacating a previous order dated June 22, 1953, and to the judgment dated July 24, 1953, denying leave to file the information, in the following language: "Now, upon a consideration of the oral testimony, documentary evidence, pleadings, including the plea of res adjudicata and the evidence in support thereof, the argument of counsel and the applicable law, it is considered, ordered and adjudged that leave to file an information in the nature of a quo warranto is hereby refused and denied"—the plaintiffs excepted by bill of exceptions tendered July 31, 1953. *Held*:

1. The exception to the order dated July 7, 1953, not having been tendered to the trial judge until July 31, 1953, more than 20 days after the date of the order complained of, comes too late to present any question for consideration. Code (Ann. Supp.) §§ 6-902, 6-905; *Good* v. *Good*, 205 *Ga.* 112 (2) (52 S. E. 2d 610); *Williams* v. *Ragsdale*, 205 *Ga.* 274 (53 S. E. 2d 339).

2. The application for leave to file an information in the nature of a quo warranto, and the petition attached thereto setting out the information in the instant case, filed by A. O. Walker and Mrs. Alberta Walker, as citizens and taxpayers of the City of Augusta, Richmond County, Georgia, in behalf of themselves and all others similarly situated, and against Hugh L. Hamilton, are identical with like proceedings filed by A. O. Walker in the same capacity, and in behalf of himself and all others similarly situated, and against the same respondent, and dealt with by this court in *Walker* v. *Hamilton*, 209 *Ga.* 735 (76 S. E. 2d 12), wherein the judgment of the trial court denying leave to file the information was affirmed. To the present proceeding the respondent filed his plea of res judicata, attaching thereto a copy of the entire proceedings in the former case, all of which were introduced in evidence on the trial now under review. *Held*:

The judgment of the trial court in the former proceeding was a decision on the merits of the case (*Futch* v. *Olmstead*, 175 *Ga.* 563, 165 S. E.

582; *Dixie Realty Finance Co.* v. *Morgan*, 174 *Ga.* 807, 164 S. E. 200; *Gamble* v. *Gamble*, 204 *Ga.* 82, 48 S. E. 2d 540); and that judgment, having been affirmed by this court (*Walker* v. *Hamilton*, 209 *Ga.* 735, supra), is binding upon the applicants in the present proceeding. Code § 110-501. . The fact that Mrs. Alberta Walker was added as an additional party in the present proceeding does not prevent the application thereto of the doctrine of res judicata, the former proceeding having been brought by A. O. Walker as a citizen and taxpayer in his own behalf and expressly in behalf of all others similarly situated. "Where a taxpayer or property-owner brings an action against a county or its officers upon a matter of public and general interest to all other taxpayers of such political subdivision, and the action either expressly or by necessary implication is on their behalf, they are equally bound by the adjudication, and a judgment is a bar to any subsequent proceeding by them or any of them seeking similar relief upon the same facts." *Holman* v. *Bridges*, 165 *Ga.* 296 (2) (140 S. E. 886). See also *Smith* v. *Gettinger*, 3 *Ga.* 140, 142; *Rawson* v. *Brosnan*, 187 *Ga.* 624, 627 (1 S. E. 2d 423); *Macon & Birmingham R. Co.* v. *Gibson*, 85 *Ga.* 1, 23 (7) (11 S. E. 442); *Salter* v. *Heys*, 207 *Ga.* 591, 594 (63 S. E. 2d 376).

3. The foregoing rulings being controlling, it is not necessary to pass upon other questions presented by the record.

*Judgment affirmed. All the Justices concur, except Duckworth, C. J., not participating.*

ARGUED OCTOBER 13, 1953—DECIDED NOVEMBER 9, 1953.

*B. H. Barton,* for plaintiffs in error.

*Cumming, Nixon & Eve, Congdon, Harper & Leonard, Pierce Bros., Harris, Chance & McCracken, Fulcher, Fulcher & Hagler,* contra.