## 22031. WEBB v. HOUSING AUTHORITY OF THE CITY OF ATLANTA et al.

CANDLER, Justice. Allen G. Webb, alleging himself to be a citizen and taxpayer of the City of Atlanta, filed a petition in the Superior Court of Fulton County on November 29, 1962, in which he prayed for an injunction temporarily and permanently restraining and enjoining the Housing Authority of the City of Atlanta from accepting bids for and consummating a sale of certain realty which the City of Atlanta acquired under and pursuant to the provisions of the Urban Redevelopment Act of 1955 (Ga. L. 1955, p. 354). His petition alleges that the published notice for bids did not give prospective purchasers, including himself, sufficient bidding time. On presentation of his verified petition, it was ordered filed, a restraining order was granted, and the case was set down for an interlocutory hearing at a specified place on a fixed date. On that hearing, and after the parties had introduced their evidence, the court dissolved the restraining order previously granted and denied the application for a temporary injunction. The plaintiff excepted but no supersedeas was applied for or granted. When the case was orally argued in this court, counsel for defendants in error stated that a bid which Marriott Motor Hotels of Atlanta, Inc. made for the subject property pursuant to the published notice for sealed bids had been accepted since the restraining order was dissolved and after

petitioner's application for a temporary injunction was denied; that the property had been conveyed to the bidder, and the amount of its bid had been paid. As to that statement, there was no denial. Since the case was orally argued, a motion has been filed in this court to dismiss the writ of error on the ground that the question thereby presented for decision is moot. The motion has an affidavit attached to it as an exhibit which shows that the bid Marriott Motor Hotels of Atlanta, Inc. made for the property in question has been accepted; that the amount it bid for the property has been paid; that the property has been conveyed by warranty deed to the purchaser; and that such deed has been recorded in the office of the Clerk of the Superior Court of Fulton County in deed record book 4056 at page 156. There is no denial of the facts alleged in the motion to dismiss. *Held:*

This court does not pass on moot questions. *Abernathy v. Dorsey,* 189 Ga. 72 (5 SE2d 39); *Jones v. Jones,* 207 Ga. 698 (63 SE2d 895); *Kight v. Gilliard,* 215 Ga. 152 (109 SE2d 599). Since the motion to dismiss the writ of error shows without dispute that the sale which the plaintiff sought to enjoin was made and fully closed after the court refused to temporarily enjoin it, the question which the writ of error presents for decision is moot; and being so, it will not be decided.

*Writ of error dismissed. All the Justices concur.*

ARGUED MAY 14, 1963—DECIDED MAY 29, 1963.

*Arnall, Golden & Gregory, Moreton Rolleston, Jr.,* for plaintiff in error.

*Buchanan, Edenfield & Sizemore, Newell Edenfield, King & Spalding, John Izard, Charles Kirbo, R. Byron Attridge,* contra.