22535. HOUSING AUTHORITY OF THE CITY OF ATLANTA v. HEART OF ATLANTA MOTEL, INC. et al.

ARGUED JUNE 9, 1964—DECIDED JULY 9, 1964—REHEARING DENIED JULY 22, 1964.

*King & Spalding, Charles H. Kirbo, John Izard, Jr.,* for plaintiff in error.

*Moreton Rolleston, Jr., Nall, Miller, Cadenhead & Dennis,* contra.

GRICE, Justice. This review involves a petition filed in the Superior Court of Fulton County by Heart of Atlanta Motel, Inc., and others, against the Housing Authority of the City of Atlanta and Marriott Hotels of Atlanta, Inc., seeking to set aside the sale of certain real property by the Housing Authority to Marriott. After each of the plaintiffs except Heart of Atlanta was, upon its own motion, stricken as a party, the Housing Authority interposed an answer, general and special demurrers, a plea in abatement and a plea of res judicata. It assigns error here upon the overruling of its demurrers and the denial of its pleas.

The petition prays that the sale from the Housing Authority to Marriott be set aside as fraudulent. The basis of the fraud sought to be alleged is (1) that the chairman of the Housing Authority had a conflict of interest between it and his private business; (2) that the bidding procedures for the sale were illegal and violated those prescribed by the Urban Redevelopment Act (Ga. L. 1955, p. 354) ; and (3) that the accepted bid of Marriott was considerably less than a bid received at a previous bidding.

1. As we view the situation here, the Housing Authority's assignment of error upon the denial of its plea in abatement is controlling. This plea is predicated upon the pendency of a suit previously filed in the same court by Allen G. Webb against the Housing Authority and the City of Atlanta.

In this connection, *Code* § 3-601 recites that "No suitor may prosecute two actions in the courts at the same time, for the same cause, and against the same party, and in such a case the defendant may require the plaintiff to elect which he will prosecute, if commenced simultaneously; and the pendency of the former shall be a good defense to the latter, if commenced at different times"; and *Code* § 3-607 provides that "A former recovery, or the pendency of a former suit for the same cause of action, between the same parties, in the same or any other court that has jurisdiction shall be a good cause of abatement;

but if the first action is so defective that no recovery can possibly be had, the pendency of a former suit shall not abate the action."

As we appraise it, the *Webb* suit meets the above codal requirements for abatement of the present suit.

(a)    It is a pending suit.

When the plea in abatement was filed in the instant suit, the *Webb* case was still undisposed of in Fulton Superior Court and, so far as the record here shows, remains so. Although a portion of the relief sought in it, to wit, injunction against acceptance of bids and the sale of the property, had been finally adjudicated (see *Webb v. Housing Authority of the City of Atlanta,* 219 Ga. 51, 131 SE2d 547), there were other portions which had not been ruled upon and the suit had not been dismissed. There remained other prayers for relief, including the setting aside of the sale, attacks upon the constitutionality of the Urban Redevelopment Act (Ga. L. 1955, p. 354, supra), and injunction against further alleged violations of that Act.

(b)    The *Webb* suit is for the same cause of action.

The evidence adduced in support of the plea in abatement consisted of the pleadings in the instant case and the entire record of the *Webb* case, with pleadings and testimony taken. As originally filed, the *Webb* case sought, besides injunction against the acceptance of bids on account of alleged improper bidding procedures and violations of the Urban Redevelopment Act, supra, to enjoin other alleged violations of the Act, and to have the Act declared unconstitutional. By amendment, the petition in that case incorporated every essential allegation and prayer for relief asserted in the instant case.

The subsequent withdrawal of that amendment did not avoid the abating effect of that suit. The rule in this State is that even the dismissal of the former suit itself, after the defendant has plead it as a cause of abatement, does not defeat the plea in abatement. *Citizens & Contractors Bank of Lithonia v. Johnson,* 175 Ga. 559, 562 (165 SE 579). See also, *Singer v. Scott,* 44 Ga. 659 (2) (by only two justices).

(c)    The *Webb* suit is between the same parties.

As to plaintiffs, both suits are brought by the plaintiff as a citizen and taxpayer, besides as an individual, and therefore they

are taxpayer class actions. In the pending suit, *Webb* alleges that he is "a citizen and taxpayer of the City"; that "in addition" he wishes the opportunity to bid on the property in question; that the bidding procedures complained of were not "in the best interests of the public" and were a "waste of public funds"; and that in failing to comply with bidding requirements of the Urban Redevelopment Act, the Housing Authority "wasted tax money." It prays, by amendment, that the sale (which had in the meantime been held) be set aside "as a fraud on the taxpayers of the City." In the instant suit Heart of Atlanta alleges that it is "a citizen and taxpayer of the City of Atlanta"; and that in failing to comply with bidding requirements the Housing Authority "wasted tax money." It prays that the sale to Marriott be set aside "as a fraud on the taxpayers" of said city.

In *Holman v. Bridges,* 165 Ga. 296 (2) (140 SE 886), this court held: "Where a taxpayer or property-owner brings an action against a county or its officers upon a matter of public and general interest to all other taxpayers of such political subdivision, and the action either expressly or by necessary implication, is on their behalf, they are equally bound by the adjudication, and a judgment is a bar to any subsequent proceeding by them or any of them seeking similar relief upon the same facts. . . ." See also, *Walker v. Hamilton,* 210 Ga. 155 (2) (78 SE2d 511); 52 Am. Jur. 26, Taxpayers' Actions, § 38.

As to defendants, the requirement of "the same parties" is also satisfied. In the instant suit the Housing Authority and Marriott are defendants, while in the *Webb* suit the Housing Authority and the City of Atlanta are defendants. However, it is not necessary that all parties of the two cases be identical. In this respect the same rule as that with reference to res judicata applies: identity of parties is sufficient ". . . if those by and against whom the defense of res judicata is invoked in the latter case were real parties at interest or *privies* as to the controversy in the former case." *Darling Stores Corp. v. Beatus,* 199 Ga. 215 (3) (33 SE2d 701). (Emphasis ours.) Under this principle, it is immaterial that Marriott is a defendant in the instant suit but not in the *Webb* suit, because Marriott, as grantee in the deed from the Housing Authority, is its successor in title and

hence its privy. The absence of the city as a defendant in the instant action likewise is of no consequence here, since under the Urban Redevelopment Act, supra, the Housing Authority is the agent of the city.

(d) No question appears as to any lack of jurisdiction of Fulton Superior Court as to the *Webb* suit or the instant one. Nor does any appear as to the *Webb* suit being "so defective that no recovery can possibly be had." *Code* § 3-607.

For the foregoing reasons, we hold that the denial of the Housing Authority's plea in abatement was erroneous. It must be sustained and the petition dismissed as against the Housing Authority.

2. The above determination as to the plea in abatement makes it unnecessary to consider the assignments of error on the denial of the plea of res judicata or the overruling of the demurrers. Direction is given that the trial court vacate its judgments in so far as they relate to these rulings, in order to avoid any future question as to their being res judicata.

*Judgment reversed with direction. All the Justices concur.*