23487, 23488.  JOHNSON v. CITY OF ALMA
et al.; and vice versa.

ARGUED MAY 10, 1966—DECIDED JUNE 9, 1966.

*Sumner & Boatright, J. Laddie Boatright,* for appellant.

*R. E. Lawson, Hansell, Post, Brandon & Dorsey, Albert G. Norman, Jr.,* for appellees.

MOBLEY, Justice. Appellant, Philip Johnson, alleging himself to be a citizen, resident, taxpayer, and qualified elector of the City of Alma, filed a petition seeking to enjoin the City of Alma, its mayor and councilmen, and the Atlanta Gas Light Company from executing a franchise agreement between the Atlanta Gas Light Company and the City of Alma for the construction of natural gas lines within the City of Alma. Petitioner alleges that the franchise agreement is ultra vires, illegal and void because it was not adopted in accordance with the charter of the City of Alma in that notice of the proposed franchise agreement was not advertised in the official organ or posted on the official bulletin board as required by the charter; that the grantee, the Atlanta Gas Light Company, had not given the required performance bond and other security, and that the franchise agreement purports to exempt the Atlanta Gas Light Company from the payment of business licenses and taxes. Defendants filed general and special demurrers to the petition. The trial judge overruled all the demurrers, except one special demurrer based upon the ground that the alleged charter of the City of Alma was not attached to the petition.

After a hearing on the rule nisi order as to whether defendants should be temporarily enjoined, the trial judge, proceeding on the theory that the 1963 charter of the City of Alma (Ga. L. 1963, pp. 3555-3602), imposing the requirements allegedly violated by defendants, was null and void and of no effect, since it had been ruled unconstitutional in a previous suit in that court, and that the 1906 charter, as amended, was operative and in effect, denied the temporary injunction. Petitioner appeals from the above rulings and from the order sustaining the special demurrer to the petition.

Defendants filed a cross appeal assigning error on the order overruling their general demurrer to the petition.

■ The contention of defendants, appellees in the main appeal, that petitioner, as a resident and property-owner in the City of Alma, is bound by a final judgment entered on October 9, 1964, in the case of The State of Georgia v. The City of Alma in the Superior Court of Bacon County, which was introduced in evidence and which held that the 1963 charter is unconstitutional and invalid, is well taken. The applicable rule is as follows: "Where a taxpayer or property owner brings an action against a county or its officers upon a matter of public and general interest to all other taxpayers of such political subdivision, and the action either expressly or by necessary implication is on their behalf, they are equally bound by the adjudication, and a judgment is a bar to any subsequent proceeding by them or any of them seeking similar relief upon the same facts." *Holman v. Bridges,* 165 Ga. 296 (2) (140 SE 886). See also *Walker v. Hamilton,* 210 Ga. 155 (78 SE2d 511); *Housing Authority of City of Atlanta v. Heart of Atlanta Motel, Inc.,* 220 Ga. 192, 195 (137 SE2d 647); Anno. 64 ALR 1262, 1263. A somewhat broader version of this rule is recognized in 50 CJS 337, Judgments, § 796: "In the absence of fraud or collusion, a judgment for or against a governmental body, such as a municipal corporation, county, town, school, or irrigation district, or other local governmental agency or district, or a board of officers properly representing it, is binding and conclusive on all residents, citizens and taxpayers with respect to matters adjudicated which are of general and public interest, such as questions relating to public property, contracts, or other obligations."

Thus, the charter of the City of Alma of 1963, as amended, is, as to petitioner, unconstitutional and invalid, and the City of Alma in granting a franchise to the Atlanta Gas Light Company is not required to comply with the provisions of that charter.

■ Paragraphs 7 and 13 of the petition purport to allege a violation of the Constitutions of the United States and Georgia by defendants in consummating the franchise agreement as ground for the injunction. It is alleged that the franchise and ordinance implementing it would exempt the Atlanta Gas Light Company from payment of a business license and tax, by providing for the deduction by the gas company from the proceeds to be paid to the City of Alma for the franchise right all amounts required for licenses and all tax.

For several reasons the ground for injunctive relief set forth by these allegations is without merit. It is apparent that the allegations are not sufficient to raise the constitutional question because they do not specify the provisions of the Constitutions allegedly violated, nor do they show how the franchise ordinance violates such provisions. *Lee v. City of Atlanta,* 197 Ga. 518, 522 (29 SE2d 774); *City of Moultrie v. Colquitt County Rural Elec. Co.,* 211 Ga. 842 (2) (89 SE2d 657). Furthermore, the ordinance, which is attached to the petition, does not exempt the Atlanta Gas Light Company from the payment of taxes. It merely allows the gas company to offset against the quarterly payments to the city, provided for by the ordinance, certain license, franchise, excise, and other taxes and charges. However, it specifies that ad valorem taxes may not be set off against such payments. It would appear from its terms that if the total amount of the taxes which may be set off exceeds the franchise payments, the gas company would be required to pay the excess amount. Thus, there could never be any exemption of such taxes. The concession to the gas company for the offsetting of such taxes is merely part of the consideration for the services to be rendered by the company and is not unlawful. See *Macon R. & Light Co. v. Mayor of Macon,* 136 Ga. 797 (72 SE 159); *Cartersville Improvement, Gas & Water Co. v. Mayor &c. of Cartersville,* 89 Ga. 683 (2) (16 SE 25). License or occupation

taxes may be commuted by a city but not taxes on property. Columbia Ave. Savings Fund &c. Co. v. City of Dawson, 130 F 152, 174 (N. D. Ga., 1903).

■ For the reasons set out in Divisions 1 and 2, the trial judge did not abuse his discretion in denying the temporary injunction.

■ As to the cross appeal of the appellees, the petition alleges the violation of the charter of the City of Alma by the defendants in entering into and attempting to execute a franchise agreement. It alleges in detail various requirements of the charter, which have not been complied with, and that the franchise agreement and ordinance are therefore ultra vires, illegal, and null and void. Petitioner, being a citizen and taxpayer of the City of Alma, has proper standing to attack the franchise on these grounds. An action in equity to enjoin the alleged acts of defendants would lie, as petitioner's remedy at law would not be adequate. The petition states a cause of action for the relief sought and the trial judge did not err in overruling defendant's general demurrer thereto.

*Judgment affirmed on the main appeal and on the cross appeal. All the Justices concur.*